Irizarry, Demandante y Apelante, *v.* Rodríguez, Demandado y Apelado.

Apelación procedente de la Corte de Distrito de Mayagüez en pleito sobre declaración de interrupción de prescripción.

No. 2576.—Resuelto en julio 10, 1922.

Prescripción—Interrupción de Prescripción.—La ocupación material y posesión de una finca por el demandante en una acción para interrumpir la prescripción no puede impedir que en el demandado surja un título adquisitivo por prescripción cuando antes de tal ocupación material ya había corrido el término en favor del demandado.

Id.—Id.—Habiéndose demostrado que se trataba de dos fincas distintas, la inscripción de una de ellas a favor del demandante no podía interrumpir la prescripción de la otra a favor del demandado.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. A. A. Vázquez.*

Abogados del apelado: *Sres. Benet & Souffront.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Esta fué una acción establecida primero en la Corte Municipal de San Germán titulada "Acción sobre declaración de interrupción de prescripción." Los hechos alegados en la demanda indicaban que el demandado trataba de convertir un título posesorio de doce cuerdas en título de dominio y que el demandante adoptó esta forma de acción para impedir la conversión del título de dominio. La demanda alega además hechos por los cuales sostuvo el demandante que él había ocupado la finca en cuestión por un período de tiempo que impediría que corriera el término de prescripción. El demandado alegó en su contestación e incuestionablemente probó en el juicio, un título documental, y por tanto la posesión civil de la finca en cuestión desde el año 1882. El demandante probó en el juicio un título a una parcela de terreno compuesta de 34 cuerdas y él y algunos de sus testigos declararon tendentes a acreditar que las 12 cuerdas que reclamaba el demandado formaban parte de las 34. La corte, sin embargo, declaró probado que la finca del demandado no estaba comprendida dentro de las 34 cuerdas, o, en otras palabras, que las dos propiedades eran separadas y distintas. Transcribimos la opinión de la corte inferior:

"De la evidencia documental y testifical practicada en la vista del juicio así como de las alegaciones de las partes, la corte considera probados los siguientes hechos:

"Que la finca de doce cuerdas denominada 'Peñón' fué poseída a título de dueño desde el año 1882 en que se tramitó un expediente posesorio sobre la misma por don Salvador Rivas, quien la vendió en el año 1916 a don Juan Marí vendiéndola éste a su vez a don José Romero y pasando luego a ser propiedad de don Angel Rodríguez.

"Que en el año 1917 el marshal de la Corte Municipal de San Germán le dió posesión al demandado Angel Rodríguez de dicha finca y que el demandante por medios violentos y a mano armada impidió al encargado del demandado que éste siguiera en la posesión de dicha finca.

"Que dicha finca de doce cuerdas denominada 'Peñón' no forma

parte de la finca de 34 cuerdas, habiendo sido dicha finca de 34 cuerdas inscrita por título de posesión en el año 1896 o sea catorce años después que la de doce cuerdas denominada 'Peñón,' no habiendo tenido nunca el demandante derecho, título ni interés alguno en dicha finca de doce cuerdas, la cual colinda por tres lados con la finca de 34 cuerdas que perteneció a don Pío Ortiz de Peña y la cual alega el demandante que forma parte de dicha finca.

"Que tanto don Salvador Rivas, como don Juan Marí, como don José Romero y don Angel Rodríguez, anteriores dueños de finca de doce cuerdas denominada 'Peñón' poseyeron ésta a título de dueños con justo título y sin que su posesión hubiere sido nunca interrumpida hasta que el demandante hizo salir de la misma a la persona encargada por don Angel Rodríguez para administrar dicha finca.

"Don José Romero, don Juan Marí y don Angel Rodríguez, anteriores dueños de la finca, eran poseedores de buena fe y con justo título; y el derecho del demandado Angel Rodríguez proviene de los citados anteriores dueños y habiendo don Salvador Rivas poseído la finca por título de posesión e inscrito en el registro de la propiedad desde el año 1882, los posteriores dueños siendo compradores de buena fe, adquirieron un título superior a cualquiera otro que pudiera presentarse por haber quedado convalidado dicho título por la prescripción de dominio. (Artículos 1858 y 1859 del Código Civil. *Maldonado* v. *Ramos et al.,* 24 D. P. R. 297.)

"Por los fundamentos anteriormente expuestos, la corte llegó a la conclusión de que la ley y los hechos están a favor del demandado y en contra del demandante y en su consecuencia que debe dictarse sentencia declarando sin lugar en todas sus partes la demanda presentada por Francisco Irizarry Graciani contra dicho Angel Rodríguez, con los demás pronunciamientos pertinentes a la resolución definitiva de este pleito."

Expresa el apelante que la corte consideró la acción como si fuera de reivindicación en vez de como una para interrumpir la prescripción. El demandante declaró tendente a mostrar que se encontraba en posesión material y física de la finca en cuestión por más de un año y por tanto que el derecho a obtener un título de dominio estaba interrumpido. La corte inferior, sin embargo, declaró probado, y creemos que mediante una preponderancia de prueba, que las 34 cuer-

das pertenecientes al demandante no incluían las 12 cuerdas propiedad del demandado. Un examen sobre la cuestión de identificación de la finca del demandado fué sumamente procedente, porque si como declaró la corte, el demandado y sus causantes habían poseído las fincas desde el año 1882, la ocupación material y posesión de dicha finca por el demandante después de vencer el término legal no podía impedir que surgiera en el demandado un título adquisitivo. Ya hubiera corrido a favor del demandado.

El demandante también sostuvo que su título a las 34 cuerdas fué inscrito en el año 1896 y por tanto que esto también sería una interrupción de la prescripción, pero si la finca no era la misma, como declaró probado la corte, la inscripción de las 34 cuerdas en manera alguna podía ser una interrupción de la posesión de otra parcela de terreno. Esta alegación sólo haría más necesario el examen por la corte de si las alegadas 12 cuerdas formaban parte de dichas 34 cuerdas.

No hubo tampoco infracción de los artículos 393 y 394 de la Ley Hipotecaria. Estos artículos permiten la conversión en dominio después de un período de veinte años, pero desde el año 1882 cuando los causantes del demandante adquirieron por primera vez la posesión hasta el año 1917 en que el demandante violentamente impidió al representante del demandado que continuara en la finca han transcurrido unos 35 años.

Hemos tenido algunas dudas de si existe tal acción de declaración de interrupción de prescripción. Sin embargo, interpretando liberalmente la demanda, fué una acción ordinaria para impedir que el demandado obtuviera un título de dominio. El demandado trabó la cuestión litigiosa sobre este punto y la corte resolvió la contienda en favor de dicho demandado.

Debe confirmarse la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la vista de este caso.